IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAKISHA TOTTEN, *et al.* | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. 8:25-cv-00936-PX |
| HUNT VMM, LP, *et al.* | * | |
|     Defendants. | * | |

***

**MEMORANDUM ORDER**

Pending is Plaintiffs Fletcher Sam, Jr., Fletcher Sam, Jr.'s children, Minor J.J. S. and Minor J.R. D., Lakisha Totten, and the estate of Deborah Totten (collectively, "Plaintiffs")' motion to remand. ECF No. 24. Defendants State of Maryland and the Sheriff's Department for Prince George's County (collectively "Defendants") removed this action from the Circuit Court for Prince George's County on March 21, 2025. ECF No. 1. The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court GRANTS the motion to remand.

This case arises from Plaintiffs alleged wrongful eviction from their home. ECF No. 4 ¶¶ 18–19 & 25. They sue not only several private entities but also the "crew," of county officers who processed their eviction, causing evident damage.[1] *Id.* ¶¶ 25–30. Initially, Plaintiffs brought state law claims of wrongful eviction, in violation of Md. Code. Ann., Real Property, § 7-113, breach of lease, and negligence (Counts I–III). ECF No. 3-2 ¶¶ 34–52. But on March 7, 2025, they added a count entitled, "Maryland Civil Rights," (Count IV), in which they allege deprivation of "existing and clearly established rights, privileges, and immunities secured to them by the

---

[1] The Prince George's County Sheriff's Department separately moves to dismiss the Amended Complaint on the grounds that it is not a legal entity subject to suit. ECF No. 5.

1

Declaration of Rights of the Constitution of the United States of America, State of Maryland, including but not limited to Articles 2, 19, 24 and 26 and arising under the laws and statutes of the United States of America, State of Maryland." ECF No. 4 ¶ 55.  Count IV avers that Defendants used "excessive force," during the eviction, causing "unreasonable, unnecessary, [] inhumanity, harassment, embarrassment, humiliation and police misconduct and wrongful eviction and the wrongful destruction of the Plaintiff's property imprisonment," in violation of "the Constitution of the United States of America," and the "State of Maryland." *Id.* ¶ 56. *See also id.* ¶¶ 61 & 65. Based on Count IV's reference to the U.S. Constitution, Defendants removed this action, asserting the existence of federal question jurisdiction.  ECF No. 1.  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367. Plaintiffs disagree and seek remand.  ECF No. 24.

A federal court, as one of limited jurisdiction, "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  The defendant, as the removing party, bears the burden of demonstrating federal jurisdiction.  *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008).  Federal courts construe removal statutes strictly and resolve all doubts in favor of remand. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)) (until jurisdiction has shown to be proper, district courts must presume a case lies outside its jurisdiction).

Plaintiffs argue that remand is warranted because they principally pursue Maryland constitutional violations in Count IV.  ECF No. 24 at 3.  Because the Maryland Constitution claims can be "fully adjudicated" without reliance on any claim under the U.S. Constitution, Plaintiffs say, remand is warranted.  *Id.*; ECF No. 29 at 4.  Defendants respond that, even though Count IV clearly brings state constitutional claims, the cause of action "necessarily raises substantial federal

issues." ECF No. 27-2 at 2.

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). *See also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (The plaintiff is the master of the claim, and "may avoid federal jurisdiction by exclusive reliance on state law."). Accordingly, "a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). A case commonly arises under federal law when the federal law "creates the cause of action asserted." *Id.* Or, in a "special and small category of cases," a cause of action may arise under federal law even though the claim "finds its origins in state rather than federal law." *Id.* at 258 (internal quotation marks omitted).

As to the second, "small category" cases, the principal "question is, does a state-law claim *necessarily* raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"? *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (emphasis added). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow v. Thompson*, 478 U.S. 804, 813 (1986). Rather, a federal question is raised only when "it is essential to resolving a state-law claim, meaning that 'every legal theory supporting the claim requires the resolution of a federal issue.'" *Burrell v. Bayer Corp.*, 918 F.3d 372, 383 (4th Cir. 2019) (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). *See also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983) (federal question jurisdiction lacking "unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."). To maintain federal jurisdiction in this

3

circumstance, Defendants must demonstrate that the federal question is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting federal-state balance approved by Congress. *See Grable & Sons Metal Products, Inc.*, 545 U.S. at 314; *cf. Franchise Tax Bd. of State of Cal.*, 463 U.S. at 14.

The deprivations of "Maryland Civil Rights" under Articles 2, 19, 24 and 26 of the Maryland Constitution in Count IV do not "necessarily raise" a question of federal dimension sufficient to trigger jurisdiction. ECF No. 4 ¶¶ 54–55. Although Maryland constitutional rights are coterminous with similar rights conferred under the U.S. Constitution, a state constitutional violation is its own cause of action. *See Henry v. Purnell*, 501 F.3d 374, 384 n.10 (4th Cir. 2007) (construing Articles 24 and 26 of the Maryland Constitution *in pari materia* with the Fourth Amendment of the U.S. Constitution). *See also Ashton v. Brown,* 660 A.2d 447, 462–68 (Md. 1995) (explaining differences of proof and defenses in suits brought under Article 24 of the Maryland Constitution alongside federal constitutional claims brought pursuant to 42 U.S.C. § 1983). The mere invocation of the U.S. Constitution as part of the claim at best asserts an alternative theory of liability, which is not enough to trigger this Court's jurisdiction. *See Burrell*, 918 F.3d at 383 (quoting *Sangimino v. Bayer Corp.*, No. C 17-01488 WHA, 2017 WL 2500904, at *3 (N.D. Cal. June 9, 2017)) ("Our court of appeals has made it clear that where a complaint pleads alternative theories to support a claim—one federal and one state-based—it does not satisfy the 'necessarily raised' requirement of federal-question jurisdiction."); ECF No. 4 ¶¶ 54–55.[2] *See also Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017) ("Despite vague references to excessive force and the United States Constitution, [plaintiff] alleged only assault, battery, intentional infliction of extreme mental anguish, conspiracy, and negligence—all state-law claims."); *Bollea*

---

[2] The Amended Complaint also refers to 42 U.S.C. § 1988, which does not give rise to an independent cause of action, and "Title U.S.C. 245," which is not a proper citation. ECF No. 4 ¶¶ 61 & 65.

4

*v. Clem*, 937 F. Supp. 2d 1344, 1352 (M.D. Fla. 2013) (general reference to violating the First, Fifth, or Fourteenth Amendments insufficient to confer federal question jurisdiction); *Julien v. Meyers*, No. 4:09-CV-613 CAS, 2009 WL 1382953, at *4 (E.D. Mo. May 14, 2009) ("Plaintiff's limited references to the Fourth and Fifth Amendments in his Petition do not present a disputed and substantial question of federal law sufficient to establish federal jurisdiction on removal, and there is no assertion that plaintiff's claims cannot be resolved with state law."); *Casey v. Midwest Title Serv., Inc.*, No. 06-CV-0435-CVE-FHM, 2006 WL 2862457, at *2 (N.D. Okla. Oct. 4, 2006) ("Vague references to federal law in the complaint and notice of removal will not suffice to create federal question jurisdiction, especially when defendants have the burden to prove that federal subject matter jurisdiction exists."). Because Defendants failed to carry their burden on the existence of federal question jurisdiction, remand is compelled.

Accordingly, it is this 24th day of October 2025, by the United States District Court for the District of Maryland, **ORDERED** that:

1. Plaintiffs' Motion for Remand (ECF No. 24) is **GRANTED**;

2. This Order shall be **TRANSMITTED** to the parties and the Clerk of the Court for the Circuit Court for Prince George's County, Maryland;

3. The Clerk shall also transmit the record of this case to the Clerk of the Circuit Court for Prince George's County, Maryland; and

4. The Clerk shall **CLOSE** this case.

| | |
|---|---|
| October 24, 2025 | /S/ |
| Date | Paula Xinis<br>United States District Judge |